UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-cv-64-RLV

| | |
|---|---|
| DONNA LYNN MECIMORE, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgement (Doc. # 9), filed October 14, 2010, and Defendant Commissioner's Motion for Judgment on the Pleadings (Doc. # 10), filed December 9, 2010.

Pursuant to 28 U.S.C. 636(b)(1)(B), United States Magistrate Judge David S. Cayer was designated to consider and recommend disposition of the aforesaid motions. In a Memorandum and Recommendation Opinion ("M&R"), filed December 10, 2010, the Magistrate Judge recommended that the Plaintiff's Motion for Summary Judgment be denied, that the Defendant's Motion for Judgment on the Pleadings be granted, and that the Commissioner's decision be affirmed. Plaintiff, through counsel, filed a timely Objection to the Magistrate Judge's Memorandum and Recommendation on December 20, 2010, and Defendant filed a Reply to Plaintiff's objections on January 6, 2011. These motions are considered herein.

1

## I. INTRODUCTION

Plaintiff has not objected to the Procedural History as set forth on pages one through three of the M&R. The court therefore adopts it as its own.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 42 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). The statute does not require *de novo* review when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, the Court has conducted a careful review of the Magistrate Judge's Memorandum and Recommendation as well as a *de novo* review of those issues specifically raised in Plaintiff's objections.[1]

---

[1] The undersigned notes that the district court's review of the Commissioner's decision is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## III. DISCUSSION

Applying the standard of review to those portions of the Magistrate Judge's recommendation that were not specifically objected to, the Court finds that the findings of fact are supported by the record and the conclusions of law are consistent with current case law. The Court must now consider the specific objections raised by the Plaintiff.

A. *Substantial Evidence Supports the Weight the ALJ Afforded to the Opinions of Plaintiff's Treating Physicians.*

Plaintiff's first objection to the M&R is that the M&R incorrectly states the ALJ relied upon permissible reasons for rejecting the opinions of Mrs. Mecimore's treating physicians, Dr. Santoso and Dr. Wilkinson. This Court disagrees.

Plaintiff's argument relies on outdated precedent. Plaintiff's objection depends on the ruling of the Fourth Circuit in *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) and the "treating physician" rule (noting that a treating physician's opinion is entitled to "great weight" because it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time). However, as the M&R correctly notes, Mitchell was clarified by *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992), following the adoption of new rules by the administration. In *Hunter*, the Fourth Circuit held that a treating physician's opinion need not receive controlling weight if there is persuasive evidence to the contrary. Additionally, "[a]n ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion." *Christian v. Apfel*, No. 98-1673, 168 F.3d 481, 1998 WL 911720, at *2 (4th Cir. Dec. 31, 1998) (per curium, unpublished).

As noted in the M&R, the treating physicians' opinion lacked specific findings as to the claimant's functional abilities and instead was composed of mere conclusions. Dr. Santoso's May 4, 2009 disability opinion states in its entirety that "The above named person is suffering from chronic mental illness and medical problems and she is unable to work." (Tr. 387) Similarly, on May 5, 2009, Dr. Wilkinson stated that "[Plaintiff] is disabled by multiple different maladies . . . I feel she is presently disabled and will be unable to work." (Tr. 388). Statements that Plaintiff is "disabled" or "unable to work" "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner." 20 C.F.R. §§ 404.1520(e), 416.920(e).

In addition, the ALJ correctly rejected Dr. Santoso's opinion because it was unsupported by his own treatment notes as well as inconsistent with other persuasive evidence. The magistrate judge explained that the ALJ permissibly rejected Dr. Santoso's opinion because it intruded upon the province of the Commissioner to decide the ultimate question of disability; was inconsistent with his own treatment notes; and was contradicted by other substantial evidence in the record, such as the opinions of the state-agency psychologist. M&R at 6-8. Similarly, the magistrate judge correctly determined that the ALJ permissibly rejected Dr. Wilkinson's opinion because it was conclusory and not supported by medical evidence. M&R at 8-9. Accordingly, the ALJ did not fail to adequately explain his reasons for giving little weight to the opinions of Dr. Santoso and Dr. Wilkinson.

B.  *Substantial Evidence Supports the ALJ's Decision that Plaintiff did not qualify for the impairment listed in Appendix 1 of Subpart P of 20 C.F.R. Part 404.*

Plaintiff next objects that the magistrate judge should have been persuaded that Plaintiff met an impairment listed in Appendix 1 of Subpart P of 20 C.F.R. Part 404 and was therefore disabled. As the Magistrate Judge properly recognized, however, see M&R at 12-13, Plaintiff

4

failed to set forth any evidence that she satisfied the highly specific criteria established by the relevant listings. See 20 C.F.R. pt. 404, subpt. P., app. 1, §§12.04, 12.06. Plaintiff has not met her burden of demonstrating error or harm as she cannot even show evidence revealing fulfillment of the relevant criteria. Plaintiff pointed to no such evidence in her brief, and she has not taken the opportunity to do so in her objections.

## IV. CONCLUSION

The final decision of the Commissioner conforms with the applicable law and is supported by substantial evidence. **THEREFORE, IT IS HEREBY ORDERED** that the M&R of the Magistrate Judge (Doc. #11) is **ADOPTED** and the Commissioner's decision is **AFFIRMED**. Plaintiff's Motion for Summary Judgment (Doc. #9) is **DENIED**. The Defendant's Motion for Judgment on the Pleadings (Doc. #10) is **GRANTED.**

Signed: August 12, 2011

Richard L. Voorhees
United States District Judge